**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Criminal Action No. 08-48-GMS |
| | : | |
| EFRAIN MEJIA-FLORES, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Colm F. Connolly, United States Attorney for the District of Delaware, and Shawn A. Weede, Assistant United States Attorney for the District of Delaware, and the defendant, Efrain Mejia-Flores, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1.    The defendant, Efrain Mejia-Flores, agrees to plead guilty to Count One of the Indictment charging him with reentry after deportation in violation of Title 8, United States Code, Section 1326(a).   The United States estimates, based upon information known at the time of this agreement, that this offense carries a maximum penalty of imprisonment of not more than 10 years, a $250,000 fine, or both, three years of supervised release, and a $100 special assessment. The defendant understands that if it is determined that he has a prior aggravated felony conviction, his maximum sentence could be up to 20 years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment.

2.    The defendant understands that the elements of the offense to which he is

pleading guilty are that: (a) the defendant is an alien; (b) the defendant was deported or removed from the United States; (c) subsequent to his deportation or removal, the defendant was found in the United States; (d) the defendant was knowingly present in the United States; and (e) neither the Attorney General of the United States, nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, had consented to the defendant's reentry.  The defendant knowingly, intelligently, and voluntarily admits his guilt to each of the above described elements of Count One of the Indictment.

3.      The defendant agrees to pay the $100 special assessment at the time of sentencing. Should the defendant fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of any outstanding debt ordered.

4.      Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a two-level reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date.  Further, if it is determined that the defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three points.

5.      The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

6.      The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. It is likely that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence that is within, or which exceeds or falls below the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

7.     It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_Eleni Kousoulis_
Eleni Kousoulis, Esquire
Attorney for Defendant

BY: _Christopher J. Burke_
Shawn A. Weede
Assistant United States Attorney

Dated: 6-13-08

Dated: 06/13/08

_Efrain Mejia-Flores_
Efrain Mejia-Flores
Defendant

Dated: 6·13-08

AND NOW, this 13th day of June, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_signature_
The Honorable Gregory M. Sleet
Chief Judge
United States District Court



**FILED**

JUN 1 3 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4